NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SANTOS EMILIANO SANCHEZ
RODRIGUEZ,

          Petitioner,

v.

CHARLES GREEN,

          Respondent.

Civil Action No. 17-3421 (JMV)

**OPINION**

APPEARANCES:

Santos Emiliano Sanchez Rodriguez
Essex County Correctional Facility
354 Doremus Ave.
Newark, NJ 07105
    Petitioner, *pro se*

Anthony J. Labruna, Jr. and
Caroline A. Sadlowski
Office of the U.S. Attorney
District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07101
    on behalf of Respondent

**VAZQUEZ**, United States District Judge

On May 12, 2017, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his prolonged pre-final removal order detention since September 15, 2016, by U.S. Immigration and Customs Enforcement ("ICE"). (ECF No. 1 at 2.) On July 17, 2017, Respondent filed an Answer to the petition, opposing relief on the basis that Petitioner has received all of the due process he is entitled to when he was provided a bond hearing. (ECF No.

3 at 2.)

## I.    BACKGROUND

Petitioner is a native and citizen of Honduras. (ECF No. 1 at 3.) He entered the United States as an undocumented immigrant on October 6, 2006. (*Id.*) He was not admitted or paroled into the United States. (ECF No. 3-1 at 7.) On September 6, 2016, Petitioner was arrested for simple assault by the Morristown Police Department in New Jersey. (*Id.* at 6.) Petitioner was taken into ICE custody on September 15, 2016. (ECF No. 3-1 at 2.) On September 15, 2016, Petitioner was charged, in a Notice to Appear, with being removable as an alien present in the United States without being admitted or paroled. (*Id.*) Petitioner is detained pursuant to 8 U.S.C. § 1226(a). (ECF No. 3 at 2.) Petitioner received a bond hearing in Immigration Court on November 9, 2016. (ECF No. 3-1 at 11.) The Immigration Judge ("IJ") determined that Petitioner was a flight risk and denied bond. (*Id.*) Petitioner reserved appeal. (*Id.*)

On April 25, 2017, the IJ ordered Petitioner removed to Honduras and denied his applications for asylum, withholding of removal, and deferral of removal under the Convention Against Torture. (*Id.* at 17.) Petitioner appealed. (*Id.* at 18.)

## II.    DISCUSSION

### A.    Standard of Review

Petitioner contends his detention without a bond hearing, lasting seven months at the time he filed the present petition, violates his right to due process under the Fifth Amendment, pursuant to *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015). (ECF No. 1 at 4.) Respondent counters that Petitioner was under pre-final removal order custody when he filed this petition, and he received a bond hearing on November 9, 2016. (*Id.* at 2.) A bond hearing is the only habeas relief available for prolonged pre-final removal order detention. (*Id.*) Petitioner may,

however, seek a redetermination decision from the IJ based on changed circumstances, pursuant to 8 C.F.R. § 1003.19(e) . (*Id.* at 3.)

B. <u>Analysis</u>

In *Demore v. Kim*, the U.S. Supreme Court held that mandatory detention for the limited period of removal proceedings, pursuant to 8 U.S.C. § 1226(c), of a "criminal alien who has conceded that he is deportable," did not violate the Due Process Clause of the Fifth Amendment. 538 U.S. 510, 531 (2003). Then, in *Diop v. ICE/Homeland Sec.*, the Third Circuit Court of Appeals held that when an alien's mandatory detention under § 1226(c) becomes unreasonably prolonged, the Constitution requires "a further, individualized, inquiry into whether continued detention is necessary to carry out the statute's purpose." 656 F.3d 221, 235 (3d Cir. 2011). The Third Circuit expanded on *Diop* in *Chavez-Alvarez*. The court held that "beginning sometime after the six-month timeframe considered by *Demore*, and certainly by the time *Chavez–Alvarez* had been detained for one year, the burdens to Chavez–Alvarez's liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute." 783 F.3d 469, 478 (3d Cir. 2015).

The above cases are distinguishable because Petitioner was provided a bond hearing after he was taken into custody by ICE. A bond hearing is the only due process required for an alien detained for a prolonged period pending removal proceedings. *See Diop*, 656 F.3d at 233 ("when detention becomes unreasonable, the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute.") Further, Petitioner may seek a bond redetermination from an IJ upon changed circumstances, pursuant to 8 C.F.R. § 1003.19(e). Therefore, Petitioner has not been deprived of his right to due process.

III.    <u>CONCLUSION</u>

Petitioner has been provided a bond hearing, and there is a procedure where he can seek redetermination of the bond decision if his circumstances have changed. Therefore, his right to due process has not been violated, and the Court denies the petition for a writ of habeas corpus.

An appropriate Order follows.


Date October16, 2016                                      <u>s/ John Michael Vazquez</u>
At Newark, New Jersey                       JOHN MICHAEL VAZQUEZ
                                                        United States District Judge